**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Alicia L Wolf, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| American Coradius International, LLC; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Alicia L Wolf, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Alicia L Wolf ("Plaintiff"), is an adult individual residing in Lowell, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant American Coradius International, LLC ("American"), is a New York business entity with an address of 2420 Sweet Home Road, Suite 150, Amherst, New York 14228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Collectors") are individual collectors employed by American and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      American at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to USAA Bank (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to American for collection, or American was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  American Engages in Harassment and Abusive Tactics**

12.      Beginning in early December, 2013, American contacted Plaintiff in an attempt to collect the Debt.

13.     At all times referenced herein, American placed calls to Plaintiff's cellular telephone, number 961-xxx-2250, using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

14.     When Plaintiff answered the calls from American, she would hear a series of clicking sounds for a few seconds, followed by being connected to a live representative.

15.     Upon information and belief, Plaintiff never provided her cellular telephone number to American or the Creditor, and never provided American or the Creditor with prior express permission to place calls to her cellular phone.

16.     During a conversation between American and Plaintiff, after Plaintiff had been connected to a live representative, Plaintiff informed American that her only source of income was social security disability aid, and requested that American cease calling her cellular phone attempting to collect.

17.     Despite Plaintiff's request and the knowledge that she could not pay, American continued to harass Plaintiff with calls to her cellular phone at a rate of up to three calls on a weekly basis.

18.     Furthermore, American failed to send Plaintiff a thirty day validation letter within five days after their initial conversation.

19.     American's persistent calling caused Plaintiff significant anxiety and inconvenience.

**C.  Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.      The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

28.     The Defendants engaged the Plaintiff in communication via telephone, initiated by the Defendants, in excess of two calls in each seven-day period at the Plaintiff's residence and two calls in each 30-day period other than at the Plaintiff's residence, for each debt, in violation of 940 CMR § 7.04(1)(f).

29.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

32.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  Id.

33.     Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Defendants called Plaintiff, the phone would ring only two times and then Defendants telephone system would abandon the call before Plaintiff could answer the telephone.

5

34.     Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

35.     Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

36.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37.     Plaintiff never provided her cellular telephone to Defendants and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendants on multiple occasions to stop all calls to her.

38.     Upon information and belief, Plaintiff never provided her cellular telephone to the Creditor and never gave consent to the Creditor to contact her on her cellular telephone number.

39.     In the event Defendants at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

40.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

42.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 3, 2014

Respectfully submitted,

By    /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff